UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM BARHAM, III, Individually and On Behalf of All Others Similarly Situated, DUSTIN COCHRAN, PATRICK JONES, CARLOS SAAVEDRA and TYLER WASAFF, § § § § § § § Plaintiffs, § § v. § § HALLIBURTON ENERGY SERVICES, INC., § § § Defendant. § | No._____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs William Barham, III, bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees, and Dustin Cochran, Patrick Jones, Carlos Saavedra and Tyler Wasaff (collectively referred to as "Plaintiffs") to recover unpaid overtime wages from Defendant Halliburton Energy Services, Inc. (referred to as "Defendant" or "Halliburton"). In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Halliburton violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Halliburton violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Barham brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

6. Cochran, Jones, Saavedra and Wasaff bring individual claims under 29 U.S.C. § 216(b) to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Halliburton resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

9. William Barham, III is an individual who resides in Bexar County, Texas and who was employed by Halliburton during the last three years.

10. Dustin Cochran is an individual who resides in Manatee County, Florida and who was employed by Halliburton during the last three years.

11. Patrick Jones is an individual who resides in Pittsburg County, Oklahoma and who was employed by Halliburton during the last three years.

12. Carlos Saavedra is an individual who resides in the state of Queretaro, Mexico and who was employed by Halliburton during the last three years.

13. Tyler Wasaff is an individual who resides in Johnson County, Texas and who was employed by Halliburton during the last three years.

14. Halliburton Energy Services, Inc. is a Delaware corporation that may be served with process by serving its registered agent: Capitol Corporate Service, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701. Alternatively, if the registered agent of Halliburton Energy Services, Inc. cannot with reasonable diligence be found at the company's registered office, Halliburton Energy

Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to T<small>EX</small>. B<small>US</small>. O<small>RG</small>. C<small>ODE</small> § 5.251 and T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> § 17.026.

15. Whenever it is alleged that Halliburton committed any act or omission, it is meant that the Halliburton's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Halliburton or was done in the routine and normal course and scope of employment of Halliburton's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

17. Halliburton is an oilfield services company; it does business in the territorial jurisdiction of this Court.

18. Halliburton employed Barham as a data acquisition specialist from February 2012 to March 2015.

19. Halliburton employed Cochran as a technical professional from November 2011 to March 2015.

20. Halliburton employed Jones as a technical professional from May 2013 to March 2015.

21. Halliburton employed Saavedra as a technical professional from September 2011 to March 2015.

22. Halliburton employed Wasaff as a service operator from April 2010 to March 2015.

23. During Plaintiffs' employment with Halliburton, they were engaged in commerce or the production of goods for commerce.

24. During Plaintiffs' employment with Halliburton, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

25. Halliburton paid Plaintiffs on a salary basis.

26. During Plaintiffs' employment with Halliburton, they regularly worked in excess of forty hours per week.

27. Halliburton knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

28. Halliburton did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

29. Instead, Halliburton paid Plaintiffs the same amount of money regardless of the number of hours they worked.

30. Halliburton knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

31. Halliburton failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

32. Halliburton knew or showed a reckless disregard for whether its pay practices violated the FLSA.

33. Halliburton is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

34. All data acquisition specialists, technical professionals, service operators and other misclassified workers employed by Halliburton are similarly situated to Barham because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Halliburton pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

35. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36. During Plaintiffs' employment with Halliburton, they were nonexempt employees.

37. As nonexempt employees, Halliburton was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

38. Halliburton did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

39. Instead, Halliburton paid Plaintiffs the same amount of money regardless of the number of hours they worked.

40. If Halliburton classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

41. Halliburton knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Halliburton willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

42. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

43. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

44. In addition to the pay violations of the FLSA described above, Halliburton also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

45. Barham adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46. On information and belief, other employees have been victimized by Halliburton's violations of the FLSA identified above.

47. These employees are similarly situated to Barham because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

48. Halliburton's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

49. Since, on information and belief, Barham's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

50. All employees of Halliburton, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All acquisition specialists, technical professionals, service operators or other misclassified workers employed by Halliburton during the last three years.

51.     Halliburton is liable to Barham and the other data acquisition specialists, technical professionals, service operators and other misclassified workers for the difference between what it actually paid them and what it was legally obligated to pay them.

52.     Because Halliburton knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Barham and the other data acquisition specialists, technical professionals, service operators and other misclassified workers their unpaid overtime wages for at least the last three years.

53.     Halliburton is liable to Barham and the other data acquisition specialists, technical professionals, service operators and other misclassified workers in an amount equal to their unpaid overtime wages as liquidated damages.

54.     Halliburton is liable to Barham and the other data acquisition specialists, technical professionals, service operators and other misclassified workers for their reasonable attorneys' fees and costs.

55.     Barham has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

56.     Barham demands a trial by jury.

## IX.  Prayer

57. Plaintiffs pray for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiffs and the other data acquisition specialists, technical professionals, service operators and other misclassified workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Plaintiffs and the other data acquisition specialists, technical professionals, service operators and other misclassified workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**